EILEEN M. DECKER
United States Attorney
LAWRENCE S. MIDDLETON
Assistant United States Attorney
Chief, Criminal Division
J. MARK CHILDS (Cal. SBN: 162684)
Assistant United States Attorneys
    1400 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-2433
    Facsimile: (213) 894-0142
    Email:    Mark.Childs@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| UNITED STATES OF AMERICA, | Case CR No. ED 16-017-JGB |
|---|---|
| Plaintiff, | PLEA AGREEMENT FOR DEFENDANT CESAR EDUARDO CORTES |
| v. | |
| CESAR EDUARDO CORTES, | |
| Defendant. | |

1.   This constitutes the plea agreement between CESAR EDUARDO CORTES, also known as "Lalo" ("defendant"), and the United States Attorney's Office for the Central District of California ("the USAO") in the above-captioned case.  This agreement is limited to the USAO and cannot bind any other federal, state, local, or foreign prosecuting, enforcement, administrative, or regulatory authorities.

DEFENDANT'S OBLIGATIONS

2.   Defendant agrees to:

a) At the earliest opportunity requested by the USAO and provided by the Court, appear and plead guilty to the sole count of the indictment in <u>United States v. Cesar Eduardo Cortes</u>, Case No. CR ED 16-017-JGB.

b) Not contest facts agreed to in this agreement.

c) Abide by all agreements regarding sentencing contained in this agreement.

d) Appear for all court appearances, surrender as ordered for service of sentence, obey all conditions of any bond, and obey any other ongoing court order in this matter.

e) Not commit any crime; however, offenses that would be excluded for sentencing purposes under United States Sentencing Guidelines ("U.S.S.G." or "Sentencing Guidelines") § 4A1.2(c) are not within the scope of this agreement.

f) Be truthful at all times with Pretrial Services, the United States Probation Office, and the Court.

g) Pay the applicable special assessment at or before the time of sentencing unless defendant lacks the ability to pay and prior to sentencing submits a completed financial statement on a form to be provided by the USAO.

h) Not bring a post-conviction collateral attack on the conviction or sentence in this case.

i) Not move to withdraw defendant's guilty plea in this case.

THE USAO'S OBLIGATIONS

3. The USAO agrees to:

a) Not contest facts agreed to in this agreement.

       b)    Abide by all agreements regarding sentencing contained in this agreement.

       c)    At the time of sentencing, move to dismiss the remaining counts of the indictment as against defendant, if any. Defendant agrees, however, that at the time of sentencing the Court may consider any dismissed charges in determining the applicable Sentencing Guidelines range, the propriety and extent of any departure from that range, and the sentence to be imposed.

       d)    At the time of sentencing, provided that defendant demonstrates an acceptance of responsibility for the offense up to and including the time of sentencing, recommend a two-level reduction in the applicable Sentencing Guidelines offense level, pursuant to U.S.S.G. § 3E1.1, and recommend and, if necessary, move for an additional one-level reduction if available under that section.

NATURE OF THE OFFENSE

4.    Defendant understands that for defendant to be guilty of the crime charged in Count One, that is, possession with intent to distribute marijuana, in violation of Title 21, United States Code, Sections 841(a)(1), and 841(b)(1)(C), the following must be true:

       (1)    Defendant knowingly possessed marijuana; and

       (2)    Defendant possessed it with the intent to distribute it to another person.

PENALTIES

5.    Defendant understands that the statutory maximum sentence that the Court can impose for a violation of Title 21, United States Code, Sections 841(a)(1), and 841(b)(1)(C), as charged in Count One of the Indictment, is: 20 years imprisonment; a lifetime period of

supervised release; a fine of $1,000,000, or twice the gross gain or gross loss resulting from the offense, whichever is greatest; and a mandatory special assessment of $100.

6.   Defendant understands that the statutory mandatory minimum sentence that the Court must impose for a violation of Title 21, United States Code, Section 841(a)(1), and 841(b)(1)(C), is: a three-year period of supervised release, and a mandatory special assessment of $100.

7.   Defendant understands that supervised release is a period of time following imprisonment during which defendant will be subject to various restrictions and requirements. Defendant understands that if defendant violates one or more of the conditions of any supervised release imposed, defendant may be returned to prison for all or part of the term of supervised release authorized by statute for the offense that resulted in the term of supervised release.

8.   Defendant understands that, by pleading guilty, defendant may be giving up valuable government benefits and valuable civic rights, such as the right to vote, the right to possess a firearm, the right to hold office, and the right to serve on a jury. Defendant understands that once the court accepts defendant's guilty plea, it will be a federal felony for defendant to possess a firearm or ammunition. Defendant understands that the conviction in this case may also subject defendant to various other collateral consequences, including but not limited to revocation of probation, parole, or supervised release in another case and suspension or revocation of a professional license. Defendant understands that unanticipated collateral consequences will not serve as grounds to

withdraw defendant's guilty plea.

9. Defendant understands that under 21 U.S.C. § 862a, defendant will not be eligible for assistance under state programs funded under the Social Security Act or Federal Food Stamp Act or for federal food stamp program benefits, and that any such benefits or assistance received by defendant's family members will be reduced to reflect defendant's ineligibility.

10. Defendant understands that, if defendant is not a United States citizen, the felony conviction in this case may subject defendant to: removal, also known as deportation, which may, under some circumstances, be mandatory; denial of citizenship; and denial of admission to the United States in the future. The court cannot, and defendant's attorney also may not be able to, advise defendant fully regarding the immigration consequences of the felony conviction in this case. Defendant understands that unexpected immigration consequences will not serve as grounds to withdraw defendant's guilty plea.

## FACTUAL BASIS

11. Defendant admits that defendant is, in fact, guilty of the offense to which defendant is agreeing to plead guilty. Defendant and the USAO agree to the statement of facts provided below and agree that this statement of facts is sufficient to support a plea of guilty to the charge described in this agreement and to establish the Sentencing Guidelines factors set forth in paragraph 13 below but is not meant to be a complete recitation of all facts relevant to the underlying criminal conduct or all facts known to either party that relate to that conduct.

On or about February 4, 2016, in Riverside County, within the

Central District of California, defendant Cesar Eduardo Cortes, also known as "Lalo", knowingly and intentionally possessed with intent to distribute 616 kilograms of marijuana, a Schedule I controlled substance. For example, on February 4, 2016, in Riverside County, California, (1) while driving a red pick-up truck, defendant escorted a vehicle which was hauling a boat that defendant knew was loaded with marijuana; (2) defendant escorted the vehicle, the boat and the marijuana to ensure that the marijuana arrived at a location where the marijuana was to be unloaded; and (3) defendant knowingly and intentionally unloaded marijuana from the boat and transported the marijuana to another location with the intended purpose for the marijuana to be distributed to others. Defendant agrees that his offense conduct involved 616 kilograms of marijuana.

## SENTENCING FACTORS

12. Defendant understands that in determining defendant's sentence the Court is required to calculate the applicable Sentencing Guidelines range and to consider that range, possible departures under the Sentencing Guidelines, and the other sentencing factors set forth in 18 U.S.C. § 3553(a). Defendant understands that the Sentencing Guidelines are advisory only, that defendant cannot have any expectation of receiving a sentence within the calculated Sentencing Guidelines range, and that after considering the Sentencing Guidelines and the other § 3553(a) factors, the Court will be free to exercise its discretion to impose any sentence it finds appropriate up to the maximum set by statute for the crime of conviction. Defendant understands that defendant waives and gives up any right to argue at sentencing, on appeal or on collateral review about the applicability of the base offense level in the below

paragraph, even if this base offense level is subsequently modified or changed by the U.S.S.G. or by federal statute or regulation. Defendant agrees that facts support the Sentencing Guidelines factor(s) below.

13. Defendant and the USAO agree to the following applicable Sentencing Guidelines factor(s):

Base Offense Level: 26 [U.S.S.G. §§ 2D1.1(c)(7)]
Mitigating Role: -2 [U.S.S.G. § 3B1.2]
Acceptance: -3 [U.S.S.G. § 3E1.1][1]

Defendant and the USAO agree not to seek, argue, or suggest in any way, either orally or in writing, that any other specific offense characteristics, adjustments, or departures relating to the offense level be imposed, except for an adjustment based on U.S.S.G. §§ 2D1.1(b)(17) and 5C1.2 (safety valve), and U.S.S.G. § 3B1.2 (role). Defendant agrees, however, that if, after signing this agreement but prior to sentencing, defendant were to commit an act, or the USAO were to discover a previously undiscovered act committed by defendant prior to signing this agreement, which act, in the judgment of the USAO, constituted obstruction of justice within the meaning of U.S.S.G. § 3C1.1, the USAO would be free to seek the enhancement set forth in that section. Defendant also understands that defendant's offense level could be increased if defendant is a

---

[1] At the time of sentencing, provided that defendant demonstrates an acceptance of responsibility for the offense up to and including the time of sentencing, recommend a two-level reduction in the applicable Sentencing Guidelines offense level, pursuant to U.S.S.G. § 3E1.1, and recommend and, if necessary, move for an additional one-level reduction if available under that section.

career offender under U.S.S.G. §§ 4B1.1 and 4B1.2. If defendant's offense level is so altered, defendant and the USAO will not be bound by the agreement to Sentencing Guideline factors set forth above. The finding by the Court that defendant qualifies as a career offender under U.S.S.G. §§ 4B1.1 or 4B1.2 will not serve as a basis for defendant to withdraw defendant's guilty plea.

14. Defendant and the government reserve the right to argue for a sentence outside the sentencing range established by the Sentencing Guidelines based on the factors set forth in 18 U.S.C. § 3553(a)(1), (a)(2), (a)(3), (a)(6), and (a)(7).

15. Defendant understands that there is no agreement as to defendant's criminal history or criminal history category.

## WAIVER OF CONSTITUTIONAL RIGHTS

16. Defendant understands that by pleading guilty, defendant gives up the following rights:

   a) The right to persist in a plea of not guilty.

   b) The right to a speedy and public trial by jury.

   c) The right to be represented by counsel – and if necessary have the court appoint counsel – at trial. Defendant understands, however, that, defendant retains the right to be represented by counsel – and if necessary have the court appoint counsel – at every other stage of the proceeding.

   d) The right to be presumed innocent and to have the burden of proof placed on the government to prove defendant guilty beyond a reasonable doubt.

   e) The right to confront and cross-examine witnesses against defendant.

f) The right to testify and to present evidence in opposition to the charges, including the right to compel the attendance of witnesses to testify.

g) The right not to be compelled to testify, and, if defendant chose not to testify or present evidence, to have that choice not be used against defendant.

h) Any and all rights to pursue any affirmative defenses, Fourth Amendment or Fifth Amendment claims, and other pretrial motions that have been filed or could be filed.

## WAIVER OF APPEAL OF CONVICTION

17. Defendant understands that by pleading guilty defendant is waiving and giving up any right to appeal defendant's conviction on the offense to which defendant is pleading guilty.

## WAIVER OF APPEAL OF SENTENCE

18. To that end, in addition to giving up his right to appeal defendant's conviction, defendant gives up and waives any right to appeal all of the following: (a) the procedures and calculations used to determine and impose any portion of the sentence; (b) the term of imprisonment imposed by the Court, provided it is within the statutory maximum; (c) the fine imposed by the Court, provided it is within the statutory maximum; (d) the term of probation or supervised release imposed by the Court, provided it is within the statutory maximum; and (e) all conditions of probation or supervised release imposed by the Court, including, but not limited to, the conditions set forth in General Orders 318, 01-05, and/or 05-02 of this Court, the drug testing conditions mandated by 18 U.S.C. §§ 3563(a)(5) and 3583(d), and the alcohol and drug use conditions authorized by 18 U.S.C. § 3563(b)(7).

19. Defendant also gives up any right to bring a post-conviction collateral attack on the conviction or sentence, except a post-conviction collateral attack based on a claim of ineffective assistance of counsel. For instance, defendant gives up any right to bring a post-conviction collateral attack based on an explicitly retroactive change in the applicable Sentencing Guidelines, sentencing statutes, or statute of conviction.

20. The USAO gives up its right to appeal any sentence imposed by the Court and the manner in which the sentence is determined, provided that the sentence is at or above the statutory minimum and at or below the statutory maximum specified above.

## RESULT OF WITHDRAWAL OF GUILTY PLEA

21. Defendant agrees that if, after entering a guilty plea pursuant to this agreement, defendant seeks to withdraw and succeeds in withdrawing defendant's guilty plea on any basis (including, as a result of a successful appeal or a successful post-conviction collateral attack), then (a) the USAO will be relieved of all of its obligations under this agreement; and (b) should the USAO choose to pursue any charge or any allegation of a prior conviction for a felony drug offense that was either dismissed or not filed as a result of this agreement, then (i) any applicable statute of limitations will be tolled between the date of defendant's signing of this agreement and the filing commencing any such action; and (ii) defendant waives and gives up all defenses based on the statute of limitations, any claim of pre-indictment delay, or any speedy trial claim with respect to any such action, except to the extent that such defenses existed as of the date of defendant's signing this agreement.

## RESULT OF VACATUR, REVERSAL OR SET-ASIDE

22. Defendant agrees that if the count of conviction is vacated, reversed, or set aside, both the USAO and defendant will be released from all their obligations under this agreement, except defendant is still bound by the obligations in paragraphs 21, 24 and 25.

## EFFECTIVE DATE OF AGREEMENT

23. This agreement is effective upon signature and execution of all required certifications by defendant, defendant's counsel, and an Assistant United States Attorney.

## BREACH OF AGREEMENT

24. Defendant agrees that if defendant, at any time after the signature of this agreement and execution of all required certifications by defendant, defendant's counsel, and an Assistant United States Attorney, knowingly violates or fails to perform any of defendant's obligations under this agreement ("a breach"), the USAO may declare this agreement breached. All of defendant's obligations are material, a single breach of this agreement is sufficient for the USAO to declare a breach, and defendant shall not be deemed to have cured a breach without the express agreement of the USAO in writing. For instance, if defendant fails to plead guilty as required by this agreement or fails to be sentenced pursuant to such guilty plea, defendant will have breached the plea agreement. If the USAO declares this agreement breached, and the Court finds such a breach to have occurred, then: (a) if defendant has previously entered a guilty plea pursuant to this agreement, defendant will not be able to withdraw the guilty plea, and (b) the USAO will be relieved of all its obligations under this agreement.

25. Following the Court's finding of a knowing breach of this agreement by defendant, should the USAO choose to pursue any charge in the indictment, or any charge or any allegation of a prior conviction for a felony drug offense that was either dismissed or not filed as a result of this agreement, then:

   a) Defendant agrees that any applicable statute of limitations is tolled between the date of defendant's signing of this agreement and the filing commencing any such action.

   b) Defendant waives and gives up all defenses based on the statute of limitations, any claim of pre-indictment delay, or any speedy trial claim with respect to any such action.

   c) Defendant agrees that: (i) any statements made by defendant, under oath, at the guilty plea hearing (if such a hearing occurred prior to the breach); (ii) the agreed to factual basis statement in this agreement; and (iii) any evidence derived from such statements, shall be admissible against defendant in any action against defendant (including, but not limited to, in the government's case-in-chief in the above-captioned case or any related case), and defendant waives and gives up any claim under the United States Constitution, any statute, Rule 410 of the Federal Rules of Evidence, Rule 11(f) of the Federal Rules of Criminal Procedure, or any other federal rule, that the statements or any evidence derived from the statements should be suppressed or are inadmissible.

## COURT AND PROBATION OFFICE NOT PARTIES

26. Defendant understands that the Court and the United States Probation Office are not parties to this agreement and need not accept any of the USAO's sentencing recommendations or the parties'

agreements to facts or sentencing factors.

27. Defendant understands that both defendant and the USAO are free to: (a) supplement the facts by supplying relevant information to the United States Probation Office and the Court, (b) correct any and all factual misstatements relating to the Court's Sentencing Guidelines calculations and determination of sentence, and (c) argue on appeal and collateral review that the Court's Sentencing Guidelines calculations and the sentence it chooses to impose are not error, although each party agrees to maintain its view that the calculations above are consistent with the facts of this case. While this paragraph permits both the USAO and defendant to submit full and complete factual information to the United States Probation Office and the Court, even if that factual information may be viewed as inconsistent with the facts agreed to in this agreement, this paragraph does not affect defendant's and the USAO's obligations not to contest the facts agreed to in this agreement.

28. Defendant understands that even if the Court ignores any sentencing recommendation, finds facts or reaches conclusions different from those agreed to, and/or imposes any sentence up to the maximum established by statute, defendant cannot, for that reason, withdraw defendant's guilty plea, and defendant will remain bound to fulfill all defendant's obligations under this agreement. Defendant understands that no one -- not the prosecutor, defendant's attorney, or the Court -- can make a binding prediction or promise regarding the sentence defendant will receive, except that it will be within the statutory maximum.

## NO ADDITIONAL AGREEMENTS

29. Defendant understands that, except as set forth herein or

in other signed written agreement(s) with the government, there are no promises, understandings, or agreements between the USAO and defendant or defendant's attorney, and that no additional promise, understanding, or agreement may be entered into unless in a writing signed by all parties or on the record in Court.

## PLEA AGREEMENT PART OF THE GUILTY PLEA HEARING

30. The parties agree that this agreement will be considered part of the record of defendant's guilty plea hearing as if the entire agreement had been read into the record of the proceeding.

AGREED AND ACCEPTED
UNITED STATES ATTORNEY'S OFFICE
FOR THE CENTRAL DISTRICT OF CALIFORNIA

EILEEN DECKER
United States Attorney

_[signature]_                          10/4/16
J. MARK CHILDS                         Date
Assistant U.S. Attorney

_[signature]_                          10/04/16
CESAR EDUARDO CORTES                   Date
Defendant

_[signature]_                          10-4-16
Guadalupe Valencia                     Date
Attorney for Defendant
CESAR EDUARDO CORTES

## CERTIFICATION OF DEFENDANT

I have read this entire agreement. I have had enough time to review and consider this agreement, and I have carefully and thoroughly discussed every part of it with my attorney. I understand the terms of this agreement, and I voluntarily agree to

14

those terms. I have discussed the evidence with my attorney, and my attorney has advised me of my rights, of possible pretrial motions that might be filed, of possible defenses that might be asserted either prior to or at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement. No promises, inducements, or representations of any kind have been made to me other than those contained in this agreement or in another signed written agreement(s) with the government. No one has threatened or forced me in any way to enter into this agreement. I am satisfied with the representation of my attorney in this matter, and I am pleading guilty because I am guilty of the charges and wish to take advantage of the promises set forth in this agreement, and not for any other reason.

_____    Date _10/04/16_
CESAR EDUARDO CORTES
Defendant

### CERTIFICATION OF DEFENDANT'S ATTORNEY

I am CESAR EDUARDO CORTES's attorney. I have carefully and thoroughly discussed every part of this agreement with my client. Further, I have fully advised my client of his rights, of possible pretrial motions that might be filed, of possible defenses that might be asserted either prior to or at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement. To my knowledge: no promises, inducements, or representations of any kind have been made to my client other than those contained in this agreement or in another signed written

agreement(s) with the government; no one has threatened or forced my client in any way to enter into this agreement; my client's decision to enter into this agreement is an informed and voluntary one; and the factual basis set forth in this agreement is sufficient to support my client's entry of a guilty plea pursuant to this agreement.

_____  10/4/16
GUADALUPE VALENCIA                Date
Attorney for Defendant
CESAR EDUARDO CORTES